# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2022

Lyle W. Cayce
Clerk

No. 22-30131
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM MALONE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CR-93-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

A jury convicted William Malone of five counts of production of child pornography, one count of possession of child pornography, and one count of use of a facility and means of interstate commerce to cause a minor to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

engage in criminal sexual activity. He received an aggregate sentence of 160 years in prison.

On appeal, Malone first argues that the district court abused its discretion by denying his request to introduce Child Protective Services (CPS) reports showing that the victim had made prior unsubstantiated accusations of abuse against her biological father and that professionals had determined that the victim's mother may have coached her daughter to make those allegations. We review the district court's evidentiary rulings for an "abuse of discretion, subject to a harmless error analysis." *United States v. Macedo-Flores*, 788 F.3d 181, 191 (5th Cir. 2015). Under Federal Rule of Evidence 803(8), a public agency's records may be admitted if they include "factual findings from a legally authorized investigation," FED. R. EVID. 803(8)(B), and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness," FED. R. EVID. 803(8)(A)(iii).

Before the district court, the Government presented evidence showing that the 2016 CPS report was not admissible under Rule 803(8) because the report's author admitted that it contained misstatements and exaggerations. The district court exercised its "discretion, and indeed [its] obligation, to exclude an entire report or portions thereof . . . that [it] determine[d] to be untrustworthy." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167 (1988). This is so even if the report was created under the state's rules for CPS reports. *See United States v. Arledge*, 553 F.3d 881, 892–93 (5th Cir. 2008). Regardless, any error was harmless in view of the overwhelming evidence of Malone's guilt. *See Macedo-Flores*, 788 F.3d at 191. Moreover, Malone has failed to challenge the district court's determination that the reports were unduly prejudicial under Federal Rule of Evidence 403, so any such argument is abandoned. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

Malone next challenges the district court's admission of evidence presented by the Government. Malone's contentions lack merit. The district court did not abuse its discretion in admitting evidence of sexual abuse by Malone because it was intrinsic to the charges of child pornography production. *See United States v. Lucas*, 849 F.3d 638, 642–43 (5th Cir. 2017); *United States v. Clements*, 73 F.3d 1330, 1337 (5th Cir. 1996).

Likewise, the district court did not abuse its discretion in admitting commercial images of child pornography found on Malone's phone because they are arguably intrinsic to the possession charge. Even if not, the evidence was admissible under Federal Rule of Evidence 414(a) as a similar act of child molestation. And while Malone contends that there was no evidence establishing the ages of the victims, the district court did not err in determining that the jurors themselves could determine the age of the individuals depicted in the images. *See United States v. Katz*, 178 F.3d 368, 373 (5th Cir. 1999).

Finally, Malone's internet searches for incest pornography and for young victims, as well as his research of Alabama rape statutes upon learning of the state charges against him, were admissible under Federal Rule of Evidence 404(b) as evidence of Malone's knowledge and his state of mind at the time of his interview with federal agents. That probative value was not outweighed by undue prejudice. *See United States v. Gurrola*, 898 F.3d 524, 537 (5th Cir. 2018).

Malone also contends that the district court erred by denying his motion for a mistrial following the prosecutor's comment indicating that he had met with Malone in jail. "This court reviews the denial of a motion for mistrial for abuse of discretion." *United States v. Velasquez*, 881 F.3d 314, 343 (5th Cir. 2018). In considering the prosecutor's comment, this court must look to the context in which it was made and whether it prejudiced the

defendant by casting serious doubt on the correctness of the verdict. *United States v. Insaulgarat*, 378 F.3d 456, 461 (5th Cir. 2004).

When viewed in context, the statement was an attempt to remind Malone of a conversation he did not recall. *See United States v. McBride*, 463 F.2d 44, 48 n.1 (5th Cir. 1972). In addition, given Malone's admission that he was arrested by federal agents and given the prosecutor's failure to specify when the jailhouse meeting occurred, it is unlikely that the single remark could cast serious doubt on the correctness of the verdict. *See United States v. Delgado*, 672 F.3d 320, 338–39 (5th Cir. 2012) (en banc). Given the substantial evidence reflecting Malone's guilt, he is unable to show that the district court abused its discretion. *See United States v. Velasquez*, 881 F.3d 314, 343 (5th Cir. 2018); *Insaulgarat*, 378 F.3d at 461.

Finally, Malone contends that his 160-year sentence is substantively unreasonable. We review a challenge to the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Malone's sentence is entitled to a presumption of reasonableness. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). To rebut that presumption, he must show that the imposed sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 558 (internal quotation marks and citation omitted). Malone's general disagreement with the propriety of his sentence and the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to establish that the district court erred in balancing them. *See Gall*, 552 U.S. at 51; *Simpson*, 796 F.3d at 558. He has not shown that the district abused its discretion in imposing the aggregate 160-year sentence. *See Gall*, 552 U.S. at 51.

AFFIRMED.